IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERLATO WINE GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 2521 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MATTHEW M. WALSH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Terlato Wine Group, Ltd., brought a two-count amended complaint against defendant Matthew M. Walsh invoking this court's diversity jurisdiction, 28 U.S.C. §1332, alleging fraud and breach of contract. Defendant has moved to dismiss Count I pursuant to Fed. R. Civ. P. Rule 12(b)(6) and for judgment on the pleadings on Count II pursuant to Rule 12(c). For the reasons discussed below, the motion is denied as to Count I and granted as to Count II.

*FACTS[1]*

Plaintiff is a privately held Delaware corporation with its principal place of business in Lake Bluff, Illinois. Defendant is an individual and former Chief Financial Officer ("CFO") of a company located in New Jersey and a citizen and resident of the State of New Jersey.

On or about March 1, 2006, defendant interviewed for the position of CFO with plaintiff at plaintiff's Lake Bluff headquarters. Thereafter, defendant traveled to Illinois on several occasions to meet with plaintiff's company executives.

---

[1] The facts recited herein are those alleged in the complaint which, for purposes of Rule 12(c) and 12(b)(6) motions, the court accepts as true. *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 178 n.2 (7th Cir. 1986).

At some point during the interview process, plaintiff informed defendant that it would make him an employment offer provided that plaintiff was defendant's "first choice" as an employer and was not being used as leverage for other job opportunities defendant may have been considering. Defendant represented to plaintiff that the CFO position was his first choice and that plaintiff's job opportunity was not being used as leverage in furthering other potential employers' interests in him. Defendant further represented that he was not using plaintiff's job opportunity as a back-up in case other positions did not become available.

Based on defendant's representations, plaintiff offered defendant the position of CFO. On or about March 17, 2006, plaintiff sent defendant an employment letter agreement ("Agreement"). Among the Agreement's terms, the closing paragraphs provide:

> In addition to the conditions set forth above, this offer is contingent upon a favorable result from a pre-employment drug screen and background investigation…In addition, you will be asked to provide proper identification, such as a driver's license and Social Security card, passport or permanent resident card as proof of authorization to work under our country's immigration laws.
>
> Your acceptance of this offer and the terms can be acknowledged by your signature below and by faxing that page to our HR department…It is understood by all parties that this is an at-will relationship and can be ended by either party at any time, and for any reason (subject to the provisions set forth above).

The Agreement also established a start date of May 7, 2006.

Defendant executed the Agreement with his signature on March 20, 2006. According to the complaint, on or about April 10, 2006, defendant "reneged" on the Agreement. In so doing, he informed plaintiff that he did not have another job lined up. The complaint alleges, however, that defendant had earlier informed his Illinois realtor, Carolyn McLaughlin, that he was not going to proceed with his position with plaintiff because he had acquired another job with a company in New York City.

*DISCUSSION*

Defendant has moved to dismiss Count I pursuant to Rule 12(b)(6), and moved for a judgment on the pleadings on Count II pursuant to Rule 12(c). As an initial matter, plaintiff argues that the court should deny defendant's motion for judgment on the pleadings because the motion was filed before defendant had answered the complaint, and therefore the pleadings were not closed. Although the rule is that a party may move for a Rule 12(c) judgment after the pleadings have closed (i.e. after the parties have filed the complaint and answer), *Murray v. Household Bank (SB), N.A.*, 386 F.Supp.2d 993, 995 (N.D. Ill 2005), the court may convert a Rule 12(c) motion into a Rule 12(b)(6) motion to dismiss where the 12(c) motion is filed prematurely. *U.S. ex rel. Bidani v. Lewis*, No. 97 C 6502, 2001 WL 1609377, at *4 (N.D. Ill. Dec. 14, 2001) (citing *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000)). "The label is of no importance since the same standards apply for both types of motions." *Id.* The court therefore converts defendant's Rule 12(c) motion to one under Rule 12(b)(6).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to rule on its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts the factual allegations as true and draws all reasonable inferences favorable to the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). Consideration of a Rule 12(b)(6) motion is restricted to the pleadings, which may include the complaint, any exhibits attached thereto, and supporting briefs. *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

Count I–Fraud

To state a claim for fraud under Illinois law, a plaintiff must allege that: (1) defendant made a false statement of material fact; (2) which defendant knew or believed to be false; (3) with the intent to induce plaintiff to act; (4) the plaintiff justifiably relied on the statement; and (5) the plaintiff suffered damage from such reliance. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001); *see also Chatham Surgicore, Ltd. v. Health Care Service Corp.*, 356 Ill.App.3d 795, 804 (1st Dist. 2005). Under Fed. R. Civ. P. 9(b), allegations of fraud must be pled with particularity.

The complaint alleges that defendant made three false representations in response to plaintiff's questions during the initial interview: (1) Defendant was plaintiff's "first choice" as an employer; (2) plaintiff was not being used as leverage for other job opportunities defendant may have been considering; and (3) defendant was not using plaintiff's job opportunity as a back-up in case other positions did not become available. Plaintiff further alleges that defendant knew these representations were false, defendant made these statements to induce plaintiff to tender a formal employment offer, plaintiff reasonably relied on defendant's statements and ultimately suffered substantial damages as a result of its reliance.

Defendant argues that his alleged statements during the interview process were not false statements of fact, but were instead expressions or promises of future intention and opinion statements, and therefore are not actionable. It is a settled principle of Illinois law that "[a] statement that merely expresses an opinion or that relates to future or contingent events, rather than past or present facts, does not constitute an actionable misrepresentation." *West v. Western Casualty and Surety Co.*, 846 F.2d 387, 393 (7th Cir. 1988) (citing *Peterson Industries, Inc. v. Lake View*

4

*Trust and Sav. Bank*, 584 F.2d 166, 169 (7th Cir. 1978)).  Defendant further argues that plaintiff could not have reasonably relied upon the alleged misrepresentations to its detriment.

The court concludes that defendant's argument is without merit.  The language of defendant's alleged statements show that they were made in reference to his then-existing, immediate intentions, and thus did not relate to future or contingent events.  Defendant's representations are distinguishable from cases such as *Wilde v. First Federal Savings and Loan Assoc.*, 134 Ill.App.3d 722, 731-32 (1st Dist. 1985), where the court found that the defendant's statements "guarantee[ing]" the plaintiff employee that he would have a "meaningful role" in the company and that the plaintiff's new position would be commensurate with his experience, were future events, expectations, or probabilities.  Contrary to defendant's argument, none of the representations alleged in the instant case reflect any promise or guarantee of future action by defendant.

Moreover, defendant's statements were not merely opinions, because they were specific and objective in nature.  *People ex rel. Peters v. Murphy-Knight*, 248 Ill.App.3d 382, 389-90 (1st Dist. 1993) (finding specific, objective representations to be statements of fact).  The representations were based in fact: the CFO position was either defendant's first choice or not; defendant was either using the position as a back-up or not; and defendant was either using the job opportunity for leverage or not.  Defendant's representations are easily distinguished from other cases where courts found allegedly fraudulent representations to be opinion statements.  *See Spiegel v. Sharp Electronics Corp.*, 125 Ill.App.3d 897, 902 (1st Dist. 1984) (finding that the defendant's representations that its copier would produce "picture perfect" copies was "mere commendation or opinion") ; *see also LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991) (company's

5

representations that it had "lucrative compensation plan" and that company executives were "straight shooters" found to be too general and difficult to substantiate); *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill.App.3d 154, 163 (1st Dist. 1986)(finding that descriptive terms such as "magnificent" and "comfortable" were subjective in nature and not fraudulent misrepresentations). Unlike the instant case, these cases concern statements that were considered to be merely commendations or "puffery"–representations that are subjective in nature, relative to interpretation, and difficult to prove. *Murphy-Knight*, 248 Ill.App.3d at 389-90.

For plaintiff's fraud claim to survive a motion to dismiss, Rule 9(b) requires only that the complaint allege fraud with particularity. Fed. R. Civ. P. Rule 9(b). This means that the complaint must allege "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.' In other words the 'who, what, when, and where' of the alleged fraud." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). The court concludes that plaintiff has pled fraud with sufficient particularity. Plaintiff has identified defendant in its complaint, alleged with specificity what fraudulent representations were made, and alleged that they were made during the interview process at plaintiff's Lake Bluff headquarters. Accordingly, defendant's motion to dismiss Count I is denied.

Count II–Breach of Contract

In Count II plaintiff alleges that defendant "breached his obligation to become an employee of plaintiff effective May 7, 2006." In other words, plaintiff argues that defendant had a contractual obligation to become an employee under the Agreement's May 7, 2006, start date provision.

The Agreement unambiguously establishes that the parties entered into an at-will employment relationship. The Agreement states, "It is understood by all parties that this is an at-will relationship and can be ended by either party at any time, and for any reason." This language affirms well-known Illinois law that at-will employment agreements may be terminated at any time, for any reason, and by either party. *Accurso v. United Airlines, Inc.*, 109 F.Supp.2d 953, 961 (N.D. Ill. 2000); *Cress v. Recreation Services, Inc.*, 341 Ill.App.3d 149, 171 (2d Dist.2003); *Crenshaw v. DeVry, Inc.*, 172 Ill.App.3d 228, 230 (1st Dist. 1988).

Although defendant accepted the terms of the Agreement by executing it with his signature, including the term obligating him to start his employment on May 7, 2006, defendant was free to terminate the Agreement at any time, which is what he did. Because the employment was at-will, plaintiff has no contract claim against defendant. *Emery v. Northeast Illinois Regional Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at *8 (N.D. Ill. Sep. 18, 2003).

Plaintiff's argument that the Agreement at least obligated defendant to start his employment, even though defendant was free to terminate it any time thereafter, is without merit. Following plaintiff's theory, an employee may terminate his employment even one minute after his employment commences, yet is contractually obligated to walk through the front door on his designated start date. This is simply illogical.

The court finds that the parties entered into an at-will employment relationship and plaintiff has no enforceable contract rights against defendant. Accordingly, Count II is dismissed accordingly.

## *CONCLUSION*

For the foregoing reasons, the court denies defendant's motion to dismiss Count I and grants the motion to dismiss Count II. Defendant shall file his answer to Count I on or before September 15, 2006. The parties shall prepare a Joint Status Report using this court's form on or before September 19, 2006. This case is set for a report on status for September 26, 2006, at 9:00.

**ENTER: August 24, 2006**

_____
**Robert W. Gettleman
United States District Judge**